IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

SAMSUNG ELECTRONICS CO., LTD.,   )
SAMSUNG SEMICONDUCTOR, INC. and   )
SAMSUNG ELECTRONICS AMERICA,   )
INC.,   )
    )
        Plaintiffs,   )
    )
      v.   )   C.A. No. 25-626-JLH
    )
NETLIST, INC.,   )
    )
        Defendant.   )

**OPENING BRIEF IN SUPPORT OF DEFENDANT NETLIST, INC.'S MOTION TO
DISMISS PLAINTIFFS' COMPLAINT, OR, IN THE ALTERNATIVE, TO TRANSFER**

Karen E. Keller (No. 4489)
Emily S. DiBenedetto (No. 6779)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
edibenedetto@shawkeller.com
*Attorneys for Netlist, Inc.*

Dated: June 11, 2025

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................................1

NATURE & STAGE OF THE PROCEEDINGS .....................................................2

    I.     Netlist & the '087 Patent ..............................................................2

    II.    Prior Litigation Involving the Same Patent Family and the Same HBM Products ..................................................................................3

    III.   Netlist Filed its EDTX Complaint First.............................................4

SUMMARY OF ARGUMENT ...............................................................................5

STATEMENT OF FACTS AND ARGUMENT ......................................................5

    I.     THIS SECOND-FILED ACTION SHOULD BE DISMISSED UNDER THE FIRST-TO-FILE RULE .............................................5

    II.    ALTERNATIVELY, THIS ACTION SHOULD BE TRANSFERRED TO THE EASTERN DISTRICT OF TEXAS ..................6

          A.    Venue Is Proper in the Eastern District of Texas....................7

          B.    The *Jumara* Factors Heavily Favor Transfer.........................8

               1.    Practical considerations that would make the trial easy, expeditious, or inexpensive overwhelmingly favor transfer (8) ........................................................8

               2.    Netlist's claims arise from the Eastern District of Texas action (3) .............................................................10

               3.    Convenience of parties and witnesses and the locations of records (4-6)...........................................................12

               4.    The parties' forum preferences favor transfer (1-2) ...............13

               5.    Administration and court congestion favor transfer (9)..........14

                6.    Local interest in deciding local controversies at home and public policies of the fora (10-11).....................................15

CONCLUSION.....................................................................................................15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re Amendt*,
  169 F. App'x 93 (3d Cir. 2006) ...................................................................10

*In re Apple Inc.*,
  979 F.3d 1332 (Fed. Cir. 2020)................................................................9, 14

*Avocent Huntsville Corp. v. Aten Int'l Co.*,
  552 F.3d 1324 (Fed. Cir. 2008)..................................................................11

*Barry v. Globus Med.*,
  2018 WL 10509367 (E.D. Pa. Apr. 30, 2018) ...........................................9

*Blackbird Tech v. TuffStuff Fitness*,
  2017 WL 1536394 (D. Del. Apr. 27, 2017)................................................15

*CareOne, LLC v. NLRB*,
  680 F. Supp. 3d 540 (D.N.J. 2023) ............................................................8

*Cisco Sys. Inc. v. Ramot at Tel Aviv Univ., Ltd.*,
  2022 U.S. Dist. LEXIS 205905 (D. Del. Nov. 14, 2022) ..........................7

*Citrix Sys., Inc. v. Parallel Networks*,
  2020 WL 2309073 (D. Del. May 8, 2020)...................................................8

*Dermansky v. Young Turks Inc.*,
  2023 WL 4351340 (D. Del. July 5, 2023) ..................................................15

*In re EMC Corp.*,
  501 F. App'x 973 (Fed. Cir. 2013) ..............................................................9

*Encore Wire Corp. v. Southwire Co.*,
  2011 WL 833220 (N.D. Ga. Mar. 4, 2011).................................................1

*FMC Corp. v. AMVAC Chem.*,
  379 F. Supp. 2d 733 (E.D. Pa. 2005) .........................................................13

*Futurewei Tech. v. Acacia Research Corp.*,
  737 F.3d 704 (Fed. Cir. 2013)...........................................................1, 5, 6

*Intellectual Ventures I LLC v. Checkpoint Software Techs. Ltd.*,
  797 F. Supp. 2d 472 (D. Del. 2011)............................................................15

*Jumara v. State Farm Ins.*,
    55 F.3d 873 (3d Cir. 1995) ..........................................................................7, 8, 10

*In re Juniper Networks, Inc.*,
    14 F.4th 1313 (Fed. Cir. 2021) .................................................................................6

*Mycone Dental Supply Co. v. Creative Nail Design, Inc.*,
    2012 WL 1495496 (D.N.J. Apr. 26, 2012) ..............................................................6

*Nalco Co. v. AP Tech Grp.*,
    2014 WL 3909114 (D. Del. Aug. 8, 2014) .............................................................13

*NXP USA v. Impinj, Inc.*,
    2020 WL 5665257 (D. Del. Sept. 23, 2020) ..........................................................13

*Osborne v. Emp. Benefits Admin. Bd.*,
    2020 WL 1808270 (W.D. Pa. Apr. 9, 2020) ..........................................................10

*Panitch v. Quaker Oats Co.*,
    2017 WL 1333285 (E.D. Pa. Apr. 5, 2017) ..............................................................6

*Papst Licensing GmbH & Co. KG v. Lattice Semiconductor Corp.*,
    126 F. Supp. 3d 430 (D. Del. 2015) ........................................................................11

*Pers. Genomics Taiwan Inc. v. Pac. Biosciences of Cal. Inc.*,
    2024 U.S. Dist. LEXIS 108394 (D. Del. June 18, 2024) ...............................7, 8, 14

*Pragmatus AV v. Yahoo!*,
    2012 WL 4889438 (D. Del. Oct. 15, 2012) ............................................................13

*Samsung Electronics Co., Ltd. v. Netlist Inc.*,
    C.A. No. 24-614, D.I. 24 (D. Del. Mar. 4, 2025) ...................................................10

*Seagen, Inc. v. Daiichi Sankyo Co.*,
    546 F. Supp. 3d 515 (E.D. Tex. 2021) ......................................................................1

*Sefac USA, Inc. v. Gray Mfg. Co., Inc.*,
    2020 WL 4557062 (E.D. Pa. June 16, 2020) ............................................................6

*Smith v. McIver*,
    22 U.S. 532 (1824) ....................................................................................................5

*Synthes, Inc. v. Knapp*,
    978 F. Supp. 2d 450 (E.D. Pa. 2013) ......................................................................14

*Third Dimension Semiconductor, Inc. v. Fairchild Semiconductor Int'l, Inc.*,
    2008 WL 4179234 (E.D. Tex. Sept. 4, 2008) ...........................................................1

*Unisys Corp. v. Amperif Corp.*,
  1994 WL 116105 (E.D. Pa. 1994) ........................................................................5

*Villari Brandes & Kline, P.C. v. Plainfield Specialty Holdings II, Inc.*,
  2009 WL 1845236 (E.D. Pa. June 26, 2009) ........................................................8

*In re Vistaprint Ltd.*,
  628 F.3d 1342 (Fed. Cir. 2010)............................................................................10

*W. Digit. Techs., Inc. v. Bd. of Regents of Univ. of Tex.*,
  2011 WL 97785 (N.D. Cal. Jan. 12, 2011) ..........................................................11

**Statutes**

28 U.S.C. § 1391(b) ....................................................................................................7

28 U.S.C. § 1404(a) ................................................................................................2, 6

## INTRODUCTION

Defendant Netlist, Inc. ("Netlist") respectfully moves to dismiss, or, in the alternative, transfer to the Eastern District of Texas, the Declaratory Judgment Complaint (D.I. 1-1 ("D. Del. Complaint") filed by Plaintiffs Samsung Electronics Co., Ltd., Samsung Semiconductor, Inc., and Samsung Electronics America, Inc. ("Samsung" or "Plaintiffs"), asserting that Samsung does not infringe U.S. Patent No. 12,308,087 ("the '087 Patent").

The "first-to-file" doctrine compels dismissal because exactly the same issues are currently being litigated in the Eastern District of Texas ("Texas" or "EDTX") in an indisputably earlier-filed case. Shortly after 12:00 am ET on May 20, 2025—the date of issuance of the '087 Patent—Netlist filed a complaint in Texas ("EDTX Complaint," attached as Exhibit A), alleging that Samsung infringes the '087 Patent.[1] In response, Samsung filed this declaratory judgment action *after* Netlist's first-filed case. The law is clear that this type of forum shopping by an accused infringer is improper. *Futurewei Tech. v. Acacia Research Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013) ("When two actions that sufficiently overlap are filed in different federal district courts, one for infringement and the other for declaratory relief, the declaratory judgment action, if filed later, generally is to be stayed, dismissed, or transferred to the forum of the infringement action. This

---

[1] While the EDTX Complaint was filed just after 11:00 pm CT on May 19, 2025, locally in Texas, this was just after 12:00 am ET on May 20, 2025. *See* Notice of Electronic Filing, attached as Exhibit B. As this is after midnight ET on the day of issuance, the '087 Patent had issued and Netlist had standing because "a patentee's right to exclude, and therefore the remedy of a civil action for infringement, accrues upon issuance of the patent in the Eastern Time zone," not the local Court's time zone. *See Seagen, Inc. v. Daiichi Sankyo Co.*, 546 F. Supp. 3d 515, 523-25 (E.D. Tex. 2021) (filing at 11:02 pm CT / 12:02 pm ET on the day of issuance was timely); *Third Dimension Semiconductor, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 2008 WL 4179234, at *1-*2 (E.D. Tex. Sept. 4, 2008) (similar); *Encore Wire Corp. v. Southwire Co.*, 2011 WL 833220, at *2 & n.2, *4 (N.D. Ga. Mar. 4, 2011) (patents issued at 12:00 am ET on date of issuance for determining first-filing).

'first-to-file' rule exists to 'avoid conflicting decisions and promote judicial efficiency.'"). Here, this rule applies with particular force because, in addition to being the first-filed action, the Texas court is intimately familiar with the subject matter of the '087 Patent, having previously construed the claims, ruled on dispositive motions, and overseen a jury trial in a prior litigation involving two directly related patents.

In the alternative, if the Court is not inclined to dismiss this Action, Netlist respectfully requests that it transfer this case to the Eastern District of Texas pursuant to the first-to-file rule and under 28 U.S.C. § 1404(a) to enable a speedy resolution of the parties' disputes. Netlist is litigating seven patent-related cases in the Eastern District of Texas, three of which are with Samsung. During this time, the EDTX Court has developed expertise regarding the relevant technology, industry, and history between the parties, including from having overseen co-pending litigation regarding the same accused products and similar technologies. All of the relevant public and private factors for transfer weigh in favor of or are, at least, neutral on transfer.

## NATURE & STAGE OF THE PROCEEDINGS

### I.    Netlist & the '087 Patent

Since its founding in 2000, Netlist has been a leading innovator in high-performance memory module technologies and is headquartered in Irvine, CA. EDTX Complaint, ¶¶ 2, 12. Netlist maintains no physical facilities or relevant operations in Delaware. Netlist designs and manufactures a wide variety of high-performance products for the cloud computing, virtualization and high-performance computing markets. *Id.*, ¶¶ 12-13. High bandwidth memory ("HBM") is a type of high-speed computer memory technology that relies in part on these sorts of vertically-stacked memory dies to save space by connecting memory dies using through silicon vias ("TSVs"). *Id.*, ¶¶ 17, 25. One of Netlist's pioneering technologies is related to using multiple memory devices arranged in vertically stacked "ranks," which are accessible by a processor or

memory controller of the host system. *See id.*, ¶¶ 14, 17, 22. Netlist's '087 Patent is directed to these types of stacked-memory dies in HBM devices. *Id.*, ¶¶ 16-25.

## II.    Prior Litigation Involving the Same Patent Family and the Same HBM Products

Netlist has secured multiple jury verdicts confirming the commercial success of its inventions, including on its HBM patents. For example, in April 2023, a jury in the Eastern District of Texas found that Samsung willfully infringed five Netlist patents and awarded Netlist $303.15 million in damages, including $122,775,000 for Samsung's HBM products infringement of the U.S. Patent No. 9,318,160 ("the '160 Patent") and U.S. Patent No. 8,787,060 ("the '060 Patent"). *See Netlist, Inc. v. Samsung Elecs. Co., Ltd.*, No. 2:21-cv-463, D.I. 479 (E.D. Tex.) ("*Samsung I*"), attached as Exhibit E.

The Eastern District of Texas has also spent years addressing claim construction, discovery, and dispositive motions related to the related '060 and '160 Patents as asserted against Micron's HBM products. *Netlist, Inc. v. Micron Tech., Inc.*, No. 2:22-cv-203 (E.D. Tex.) ("*Micron I*"). In addition to these disputes before the Texas court, a Texas jury also found that Samsung willfully infringed three different Netlist patents and awarded Netlist $118 million in damages in November 2024. *See Netlist, Inc. v. Samsung Elecs. Co., Ltd.*, No. 2:22-cv-293, D.I. 847 (E.D. Tex.) ("*Samsung II*"), attached as Exhibit F. And, in 2024, a jury in the Eastern District of Texas awarded Netlist $445 million in damages against Micron.[2] *See Netlist, Inc. v. Micron Technology Texas, LLC*, No. 2:22-cv-294, D.I. 135 (E.D. Tex.) ("*Micron II*"), attached as Exhibit G.

The '087 Patent issued on May 20, 2025. The '087 Patent is a continuation of and claims

---

[2]    A related declaratory judgment case raising a state law claim was also filed in the Eastern District of Texas. *Netlist Inc. v. Micron Tech., Inc.*, No. 2:23-cv-628 (E.D. Tex.) ("*Micron III*").

priority to the applications that led to the '160 Patent and the '060 Patent underlying the *Samsung I* verdict. *See* EDTX Complaint, ¶ 16; D. Del. Complaint, Exhibit 1 (the '087 Patent), Cover ("Related U.S. Application Data"), 1:7-27.

### III.    Netlist Filed its EDTX Complaint First

Just after midnight on May 20, 2025, the date of issuance of the '087 Patent, Netlist filed a complaint[3] in the Eastern District of Texas alleging Samsung's HBM products infringe the '087 Patent. EDTX Complaint; Ex. B (Netlist's Notice of Electronic Filing). Netlist accused the same HBM products of infringing the '087 Patent that were at issue in the prior Eastern District of Texas litigation on the related patents. *Compare Samsung I*, D.I. 241-01 at 4 (identifying the accused products of the '060 and '160 Patents as "Samsung's HBM2, HBM2E, HBM3 and newer products"), attached as Exhibit I, *with* EDTX Complaint ¶ 23 ("the Accused HBM Products include, without limitation, any Samsung HBM2, HBM2E, H[BM]3, HBM3E and newer products.").

Having been on notice that a lawsuit was coming and in direct response, Samsung filed this declaratory judgment action roughly 40 minutes later, alleging non-infringement of the '087 Patent. *See* D. Del. Complaint; Samsung Notice of Electronic Filing, attached as Exhibit C (filed at 12:40 am ET).

---

3    *Netlist, Inc. v. Samsung Elecs. Co., Ltd.*, No. 2:25-cv-557 (E.D. Tex.) ("*Samsung III*"). On May 19, 2025, Netlist inadvertently filed an initial complaint the day before the '087 Patent issued, putting Samsung on notice that it was planning on filing an infringement lawsuit. That case has been dismissed by the Eastern District of Texas. *Netlist, Inc. v. Samsung Elecs. Co., Ltd.*, No. 2:25-cv-553, D.I. 3 (E.D. Tex.) (granting dismissal), attached as Exhibit H.

## SUMMARY OF ARGUMENT

1. This declaratory judgment action should be dismissed under the first-to-file rule because Samsung filed this declaratory judgment action after Netlist filed its complaint in the Eastern District of Texas, alleging that Samsung infringes the '087 Patent.

2. Alternatively, this case should be transferred to the Eastern District of Texas where Judge Gilstrap has developed substantial knowledge over the last 3 years on this exact patent family, the relevant technology, and the accused Samsung HBM products.

## STATEMENT OF FACTS AND ARGUMENT

## I.    THIS SECOND-FILED ACTION SHOULD BE DISMISSED UNDER THE FIRST-TO-FILE RULE

Over two-hundred years ago, the Supreme Court recognized that "[i]n all cases of concurrent jurisdiction, the Court which first has possession of the subject must decide it." *Smith v. McIver*, 22 U.S. 532, 535 (1824). In patent infringement cases, when an accused infringer like Samsung files a declaratory judgment complaint with respect to infringement claims already pending in another court, the appropriate result is dismissal or, if not dismissal, either transfer or a stay: "[W]hen two actions that sufficiently overlap are filed in different federal district courts, one for infringement and the other for declaratory relief, the declaratory judgment action, if filed later, generally is to be stayed, dismissed, or transferred to the forum of the infringement action." *Futurewei*, 737 F.3d at 708; *see Unisys Corp. v. Amperif Corp.*, 1994 WL 116105, at *3 (E.D. Pa. 1994) ("[I]t is neither equitable nor acceptable for a defendant in a patent infringement case to forego . . . a counterclaim for a declaration of invalidity only to assert it independently in a preferred forum."). The only topic of Samsung's complaint is infringement of the '087 Patent, the exact subject of the Texas complaint. *Compare* EDTX Complaint, ¶¶ 1, 16-25, 26-35 (First Claim for Relief) *with* D. Del. Complaint at 1, ¶¶ 2, 10, 13, 24-27, 47, 66-70, 71-80 (Count I –

"Declaration of Non-Infringement of the '087 Patent").

The Texas action was filed just after 12:00 am ET. Samsung's complaint was filed at 12:40 am ET, 40 minutes after Netlist's complaint. *Compare* Exhibit B (Netlist Notice of Electronic Filing for 12:00 am ET) *with* Exhibit C (Samsung Notice of Electronic Filing for 12:40 am ET). Because this case is second-filed, dismissal is proper. *Futurewei*, 737 F.3d at 708.[4]

## II. ALTERNATIVELY, THIS ACTION SHOULD BE TRANSFERRED TO THE EASTERN DISTRICT OF TEXAS

Although dismissal is the appropriate result, transfer of Netlist's declaratory judgment action to the Texas court for consolidation with Netlist's first-filed Texas action alternatively is also proper. This resolution is expressly recognized in the first-to-file case law. *E.g.*, *Futurewei*, 737 F.3d at 708 (later filed action "generally is to be stayed, dismissed, or transferred to the forum of the infringement action."); *see Panitch v. Quaker Oats Co.*, 2017 WL 1333285, at *2, *8 (E.D. Pa. Apr. 5, 2017) (ordering transfer of duplicative action both under first-filed rule and § 1404(a)). And Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

The Federal Circuit has instructed district courts to apply the law of the regional circuit in evaluating motions to transfer. *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1318 (Fed. Cir. 2021). In evaluating a motion for transfer in the Third Circuit, the court first determines "whether the case

---

4    Whether there is any question regarding the applicability of the first-to-file rule, the proper course is to stay this action so that the Texas court can decide it. "[T]he court with jurisdiction over the first-filed case should determine the application of the first-to-file rule." *Sefac USA, Inc. v. Gray Mfg. Co.*, *Inc.*, 2020 WL 4557062, at *1 n.1 (E.D. Pa. June 16, 2020); *Mycone Dental Supply Co. v. Creative Nail Design*, *Inc*., 2012 WL 1495496, at *2 (D.N.J. Apr. 26, 2012).

could have been brought in the district to which the movant wishes to transfer." *Cisco Sys. Inc. v. Ramot at Tel Aviv Univ., Ltd.*, 2022 U.S. Dist. LEXIS 205905 at *3 (D. Del. Nov. 14, 2022). If so, the court then weighs whether the public and private interest factors favor transfer. *Pers. Genomics Taiwan Inc. v. Pac. Biosciences of Cal. Inc.*, 2024 U.S. Dist. LEXIS 108394, at *1-3 (D. Del. June 18, 2024). Transfer is warranted here (1) because venue is proper in Eastern Texas and (2) the balance of relevant considerations favors transfer. *See Jumara v. State Farm Ins.*, 55 F.3d 873, 879–80 (3d Cir. 1995).

A.    **Venue Is Proper in the Eastern District of Texas**

There is no dispute that venue is proper in the Eastern District of Texas. Under 28 U.S.C. § 1391(b), venue is proper in any "judicial district in which any defendant resides." At the outset, the parties have been engaged in multiple patent litigations in the Eastern District of Texas in *Samsung I* and *II*, in addition to the recently filed infringement actions related to the '087 Patent. Samsung has never contested personal jurisdiction or venue in any of these prior actions, including with regard to the related '160 and '060 Patents and accused HBM devices in *Samsung I*. Samsung also maintains a regular and established place of business in the Eastern District of Texas in Plano, Texas. E.D. Tex. Complaint, ¶¶ 4-5, 10 (identifying Samsung's Plano, TX office as a regular and established place of business for venue). Samsung has also touted its deep Texas connections to the juries during prior trials with Netlist as well, including on the '060 and '160 Patents and Samsung's HBM products. *Samsung I*, D.I. 487 (Trial Tr.) at 171:16-21 ("one of the biggest semiconductor factories in the world here" with "6,000 employees" in Texas), attached as Exhibit J; *Samsung I*, D.I. 490 (Trial Tr.) at 786:19-22, 789:19-21, 790:3-7, 790:22-791:4, 793:4-25 (HBM products sold in Texas with "substantial manufacturing" in Texas and more than "six offices" in Texas, including Plano, TX), attached as Exhibit K. Venue is thus proper in the Eastern District of Texas.

### B.    The *Jumara* Factors Heavily Favor Transfer

The Third Circuit applies six private and six public interest factors relevant to transfer. *Jumara*, 55 F.3d at 879–80; *Pers. Genomics*, 2024 U.S. Dist. LEXIS 108394, at *3-13 (applying factors). The private factors include (1) plaintiff's forum preference, (2) defendant's forum preference, (3) where the claim arose, (4) convenience of the parties, (5) convenience of the unavailable witnesses, and (6) location of books and records. *Jumara*, 55 F.3d at 879. And the public factors include (7) enforceability of the judgment, (8) practical considerations that would make the trial easy, expeditious, or inexpensive, (9) the relative administrative difficulty in the two fora and court congestion, (10) the local interest, (11) public policies of the fora, and (12) familiarity of the trial judge with state law in diversity cases. *Jumara*, 55 F.3d at 879–80. Here, these factors on balance strongly favor transfer.[5]

### 1.    Practical considerations that would make the trial easy, expeditious, or inexpensive overwhelmingly favor transfer (8)

Under this critical factor, the court weighs the "practical considerations that could make the trial easy, expeditious, or inexpensive." *Id.* at 879. This factor "is principally concerned with judicial economy and the overarching interests of justice," and can be considered "especially critical." *CareOne, LLC v. NLRB*, 680 F. Supp. 3d 540, 547 (D.N.J. 2023) (citing cases). In this case, the "overlap in issues" with the Texas action "strongly favor[] transfer of the declaratory judgment action." *Citrix Sys., Inc. v. Parallel Networks*, 2020 WL 2309073, at *8 (D. Del. May 8, 2020). "[A] related action in the transferee forum . . . is such a powerful reason to grant a transfer that courts do so even where other *Jumara* factors . . . would suggest the opposite." *Villari Brandes*

---

[5] Factors 7 (enforceability) and 12 (familiarity of the judge with state law in diversity actions) are inapplicable or undisputed, as judgment in either district would be equally enforceable and patent infringement is a federal cause of action.

& Kline, P.C. v. Plainfield Specialty Holdings II, Inc., 2009 WL 1845236, at *5 (E.D. Pa. June 26, 2009). Relatedly, "a single court's familiarity with [the] patents promote[s] efficiency[.]" *Barry v. Globus Med.*, 2018 WL 10509367, at *5 (E.D. Pa. Apr. 30, 2018). The Federal Circuit has made clear that it is "beyond question that the ability to transfer a case to a district with numerous cases involving some overlapping issues" favors transfer. *In re Apple Inc.*, 979 F.3d 1332, 1344 (Fed. Cir. 2020) (district court erred by not considering the "judicial economy benefits on the other side of the ledger: namely, as the district court conceded, there are pending cases in NDCA with 'some overlapping issues'"); *see In re EMC Corp.*, 501 F. App'x 973, 976 (Fed. Cir. 2013) ("[W]e have held that a district court's experience with a patent in prior litigation and the co-pendency of cases involving the same patent are permissible considerations in ruling on a motion to transfer venue.").

Here, the Texas court has deep familiarity with the subject matter of the '087 Patent, having overseen years of prior litigation involving directly related patents and the same accused HBM products against both Samsung and Micron in *Samsung I* and *Micron I*. Specifically, Judge Gilstrap and Magistrate Judge Payne oversaw significant briefing and argument on claim construction, discovery disputes, dispositive motions, and, against Samsung, a full jury trial on the related '060 and '160 Patents. Judge Gilstrap and Magistrate Judge Payne also have deep familiarity with the products accused of infringing the '087 Patent. As noted above, the accused HBM products at issue in those cases, and taken to trial in *Samsung I*, are now being accused of infringing the '087 Patent.

The Texas court thus has deep familiarity with both the dispute, the background facts, and the specific HBM-related technology at issue in the '087 Patent. And, once again, Judge Gilstrap has been assigned to the first-filed Texas case. In total, Judge Gilstrap is now presiding over three cases between Netlist and Samsung (*Samsung I-III*) and four cases between Netlist and Micron

- 9 -

(*Micron I-IV*) concerning patents and technology in the field of memory technology. Given the Texas court's "substantial experience in construing the patent claims during prior litigations," and in overseeing other factual and legal issues directly implicated by the present action, transferring this case would undoubtedly "be more efficient than requiring another magistrate or trial judge to start from scratch." *In re Vistaprint Ltd.*, 628 F.3d 1342, 1344 (Fed. Cir. 2010).

This Court's recent denial of transfer in another dispute between Samsung and Netlist supports transfer here. *See Samsung Electronics Co., Ltd. v. Netlist Inc.*, C.A. No. 24-614, D.I. 24 (D. Del. Mar. 4, 2025), attached as Exhibit L. While the first-to-file rule did not apply there, the Court retained jurisdiction and denied transfer by relying heavily on the fact that it is "presiding over two other actions *involving the same products and patent family*." *Id.* at 3. That is the exact case here, as the Eastern District of Texas court has presided over multiple cases involving the same HBM products and the same patent family (*i.e.*, the '087, '160, and '060 Patents). By contrast, the parties have never litigated over HBM products, or any patents in this family, in this district.

These facts overwhelmingly favor transfer if this action is not simply dismissed. As many courts have recognized, starting the proceedings over in this Court when the Texas court has years of prior experience would be anathema to judicial economy and comity. *Osborne v. Emp. Benefits Admin. Bd.*, 2020 WL 1808270, at *10–11 (W.D. Pa. Apr. 9, 2020) (a "critical factor in the transfer analysis" that other forum "had a head start on these cases," which "puts [it] in the better position to adjudicate"); *In re Amendt*, 169 F. App'x 93, 96 (3d Cir. 2006) ("the most important factor is the avoidance of duplicative litigation").

## 2. Netlist's claims arise from the Eastern District of Texas action (3)

This factor considers whether or not "the claim arose elsewhere" and also favors transfer here. *Jumara*, 55 F.3d at 879. "[I]n the context of an action for declaratory judgment of

noninfringement," the claim "arises out of or relates to the activities of the defendant patentee in enforcing the patent or patents in suit." *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1332 (Fed. Cir. 2008); *W. Digit. Techs., Inc. v. Bd. of Regents of Univ. of Tex.*, 2011 WL 97785, at *6 (N.D. Cal. Jan. 12, 2011) ("[T]he actions giving rise to this *declaratory judgment* action, i.e., . . . filing of a patent infringement suit, occurred exclusively in the Eastern District of Texas."). Here, this declaratory judgment action admittedly arises from Netlist's filing of its complaint, or in anticipation of such a complaint, in Texas. Samsung's complaint specifically alleges that "On May 19, 2025, the day before the '087 patent issued, Netlist prematurely filed infringement suits in the Eastern District of Texas alleging that Samsung and Micron infringe the '087 patent." D. Del. Complaint, ¶ 26.

In analyzing this factor in patent cases, courts also focus on "the location of the production, design and manufacture of the accused instrumentalities." *Papst Licensing GmbH & Co. KG v. Lattice Semiconductor Corp.*, 126 F. Supp. 3d 430, 439 (D. Del. 2015). None of the design, development, research, manufacture, or sale of the accused memory devices occurred in Delaware. In contrast, Samsung's corporate representatives testified in the prior HBM trial on the '060 and '160 Patents that its HBM products are sold out of its Texas branch, that being in Texas is important for its sales business, and that it does "substantial manufacturing" in Texas. *Samsung I*, D.I. 490 (Trial Tr.) (Ex. K) at 786:19-22 ("Q. And how long have you lived in Leander, Texas? A. For three years. Q. Okay. And where do you work? A. I work at Samsung in Round Rock."), 789:19-21 ("Q. And so is it fair to say that you're in sales and that the OMEs are your customers? A. Yes, that's correct."), 790:3-7 ("Q. Now, how did you find yourself working in Round Rock, Texas? A. We like to be close to our customers, and Dell is the largest OEM in my -- in my group, and I wanted to be close to them."), 790:22-791:4 ("Q. And when you mention the DRAM products

that you sell, are some of those products those that are being accused in this case? A. I -- yes, they are. Q. And which are those? A. DDR4, DDR5, and then HBM."), 793:4-25 ("Q. Okay. In addition to the office of SSI in Round Rock, does Samsung have offices elsewhere in Texas? … THE WITNESS: So we have more than six offices, but these are key offices and these show the locations throughout Texas. Q. (BY MS. SMITH) We see them up there in central Texas as well as the Dallas area? A. That's correct. Dallas, Plano, Richardson. Q. Does Samsung do manufacturing in Texas? A. We do. We do substantial manufacturing here . . . . ").

Samsung's counsel similarly emphasized Samsung's presence in Texas in the patent infringement trial against Netlist on the related patents: "But, critically, ladies and gentlemen, they have manufacturing right here in Texas. They have one of the biggest semiconductor factories in the world here in Texas. They make sophisticated microprocessors there. They're building another one. They've got 6,000 employees here in the state of Texas." *Samsung I*, D.I. 487 (Trial Tr.) (Ex. J) at 171:16-21; *see* E.D. Tex. Complaint, ¶¶ 4-5, 10 (identifying Samsung's Plano, TX office as a regular and established place of business for venue). This factor leans in favor of transfer.

### 3.    Convenience of parties and witnesses and the locations of records (4-6)

These factors weigh in favor of transfer. The Eastern District of Texas is far more convenient for Netlist, which has no physical Delaware presence and no witnesses near Delaware. Netlist's corporate headquarters is located in Irvine, CA, D. Del. Complaint, ¶ 6, and the inventor (Hyun Lee) is no longer a Netlist employee and resides in California—which, geographically, is significantly closer than Delaware. D. Del. Complaint, Exhibit 1 (the '087 Patent), Cover ("Inventor: Hyun Lee, Ladera Ranch, CA (US)"). Texas is also physically closer to Samsung. Samsung Electronics Co., Ltd. is incorporated and headquartered in Korea (where the majority of its witnesses reside), Samsung Semiconductor, Inc., is incorporated in with a principal place of

business in California, Samsung Electronics America, Inc., is incorporated in New York and has

a principal place of business in New Jersey. D. Del. Complaint, ¶¶ 3-5. As previously explained,

Samsung has previously touted its deep connections to Texas—not Delaware—in prior trials,

including with regard to their HBM products. *Samsung I*, D.I. 487 (Trial Tr.) (Ex. J) at 171:16-21

("one of the biggest semiconductor factories in the world here" with "6,000 employees" in Texas);

*Samsung I*, D.I. 490 (Trial Tr.) (Ex. K) at 786:19-22, 789:19-21, 790:3-7, 790:22-791:4, 793:4-25

(HBM products sold in Texas with "substantial manufacturing" in Texas and more than "six

offices' in Texas, including Plano, TX); E.D. Tex. Complaint, ¶¶ 4-5, 10 (identifying Samsung's

Plano, TX office as a regular and established place of business for venue). As for location of

records, there is no reason to believe that any of Samsung's documents would be produced other

than via ordinary electronic discovery. *Nalco Co. v. AP Tech Grp*., 2014 WL 3909114, at *2 (D.

Del. Aug. 8, 2014) (noting that "[t]echnological advances, absent unusual circumstances, have

significantly reduced the burden of transferring evidence").

### 4.    The parties' forum preferences favor transfer (1-2)

Netlist's preferred forum is Texas, which favors transfer. *NXP USA v. Impinj, Inc*., 2020

WL 5665257, at *2 (D. Del. Sept. 23, 2020). In contrast, Samsung's preference has no substantial

weight because this action is merely a procedural tactic designed to slow or impair the first-filed

Texas action. "[W]here a plaintiff's choice of forum [was] . . . selected to impede the efficient and

convenient progress of a case, it should not be afforded substantial weight." *Pragmatus AV v.

Yahoo!*, 2012 WL 4889438, at *4 & n.5 (D. Del. Oct. 15, 2012); *FMC Corp. v. AMVAC Chem*.,

379 F. Supp. 2d 733, 750 (E.D. Pa. 2005) (relevant whether a "declaratory plaintiff's first-filed

action was anticipatory and/or the product of forum-shopping"). Indeed, Samsung has previously

chosen to litigate in the Eastern District of Texas on this same patent family regarding the same

HBM products in *Samsung I* and in other litigations involving Netlist's patents in *Samsung II*.

As for Samsung's choice of forum, "[w]here a related action is pending in another forum, the plaintiffs' choice is entitled to less deference." *Synthes, Inc. v. Knapp*, 978 F. Supp. 2d 450, 459 (E.D. Pa. 2013). Even so, Samsung is not at home in Delaware, "and therefore its choice [of Delaware] is 'entitled to less deference.'" *Pers. Genomics*, 2024 U.S. Dist. LEXIS 108394, at *6. Instead, the various Samsung entities are tied to Korea, California, New York, and New Jersey. D. Del. Complaint, ¶¶ 3-5. Although Netlist is incorporated in Delaware, Netlist does not have any offices, employees, or other physical presence in this District, and Samsung has not alleged any such physical presence to support its allegation of proper venue in Delaware. *See Id.*, ¶¶ 8-9 (alleging venue is proper solely based on personal jurisdiction due to Netlist's incorporation in Delaware).

If this Court declines to dismiss the present action, Netlist's legitimate reasons for its forum preference in EDTX warrant deference: streamlining the dispute and minimizing the resources the parties will have to expend due to the substantial work that has already been done in the Texas court, including the entirety of discovery and trial, and overlapping issues with the prior litigations involving the '060 and '160 Patents and the accused HBM products. *See Pers. Genomics*, 2024 U.S. Dist. LEXIS 108394, at *6 (defendant's forum preference entitled to "some" deference where it has "legitimate and rational reasons" for the preference).

### 5.    Administration and court congestion favor transfer (9)

"To the extent that court congestion matters, what is important is the speed with which a case can come to trial and be resolved." *In re Apple Inc.*, 979 F.3d at 1343. The Eastern District of Texas clearly is in a position to most efficiently try this case, which strongly favors transfer. The Texas court has extensive familiarity with directly related patents and technology, and it has already presided over a trial concerning this related technology, and other patent infringement trials between Netlist and Samsung and Micron (one conducted in less than 16 months from

complaint through verdict, and the other just under 17 months from complaint to verdict). The median time-to-trial is 23 months in the Eastern District of Texas. In contrast, the time to trial in the District of Delaware is 32 months. *See* Court Statistics, at 15, 36, attached as Exhibit D; *Blackbird Tech v. TuffStuff Fitness*, 2017 WL 1536394, at *6 (D. Del. Apr. 27, 2017) (shorter time-to-trial supports transfer because it promotes judicial efficiency). This factor weighs in favor of transfer.

> 6.    **Local interest in deciding local controversies at home and public policies of the fora (10-11)**

These factors are neutral. *Intellectual Ventures I LLC v. Checkpoint Software Techs. Ltd.*, 797 F. Supp. 2d 472, 486 (D. Del. 2011) (local interest factor in patent cases is typically neutral because "patent issues do not give rise to a local controversy or implicate local interests"); *Dermansky v. Young Turks Inc.*, 2023 WL 4351340, at *2, *5 (D. Del. July 5, 2023) (public policies factor neutral because there is no reason to believe that states would apply differing public policy considerations in the application of federal patent law). A judgment in either district would be equally enforceable.

## <u>CONCLUSION</u>

For the foregoing reasons, Netlist respectfully requests that this Court grant its Motion, dismissing Samsung's complaint, or, in the alternative, transfer this action to the Eastern District of Texas.

/s/ Karen E. Keller
Karen E. Keller (No. 4489)
Emily S. DiBenedetto (No. 6779)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
edibenedetto@shawkeller.com
*Attorneys for Netlist, Inc.*

Dated: June 11, 2025